■ HILLARY WYLER, Respondent, v 338 BLEEKER PEOPLE, INC., et al., Appellants.—Order, Supreme Court, New York County (Diane Lebedeff, J.), entered June 20, 1988, which denied defendants' motion for summary judgment dismissing the complaint unanimously reversed, on the law and the motion for summary judgment dismissing the complaint granted, without costs.

This is an action to recover damages for intentional and fraudulent transfer of the shares of a corporation, breach of fiduciary duty, conspiracy to defraud plaintiff and related charges. Plaintiff alleges that she and George Davis, now deceased, entered into a joint venture and opened a hair-cutting and styling salon in the West Village, New York City, and that she is a part owner of the shares of the corporation formed pursuant to the joint venture. The documentary evidence submitted is conclusive against the contention of ownership made by the plaintiff. The business was incorporated in 1973. Article V, § 3 (b) of the bylaws states: "The Corporation shall be entitled to treat the holder of record of any share or shares as the absolute owner thereof for all purposes and, accordingly, shall not be bound to recognize any legal, equitable or other claim to, or interest in, such share or shares on the part of any other person, whether or not it shall have express or other notice thereof, except as otherwise expressly provided by law."

One hundred shares, constituting all of the shares of the corporation, were issued to Davis in 1973. On December 1, 1975, pursuant to a written agreement, Davis sold his interest to plaintiff for $2,500. On January 15, 1983, pursuant to another written agreement, plaintiff transferred the shares back to Davis for $7,500. Said agreement contained a merger clause which stated that it represented "the entire understanding of the parties" and further stated that it could "not be modified except in writing signed by the parties." The said sum of $7,500 was paid in installments and on January 15, 1986, plaintiff signed a document entitled "Loan Payment Schedule Change" as paid in full. Subsequently, George Davis transferred some of his shares to defendants Stangle and Lewis.

In the face of this conclusive documentary evidence, plain-

tiff's contention that ownership of the shares of stock is a question of fact is untenable and summary judgment should have been granted. Concur—Kupferman, J. P., Ross, Carro, Ellerin and Smith, JJ.